Case 4:24-cv-01325   Document 20   Filed on 07/03/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESTER DAVIS, <br>(TDCJ #00650531) | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-1325 |
| ERIC GUERRERO,[1] | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Lester Davis, a Texas state inmate, has filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his 1993 state-court conviction for delivery of a controlled substance. Dkt. 7. The respondent, Eric Guerrero, moves for dismissal on the ground that Davis's petition is successive. Dkt. 16. Davis has filed a response. Dkt. 18.

After considering the pleadings, motion, and applicable law, the Court grants the respondent's motion and dismisses this case because Davis does not have the necessary permission to file it, meaning that this Court has no jurisdiction. The reasons are explained below.

---

[1] Bobby Lumpkin was the previously named respondent in this action. Eric Guerrero has succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

**I.     Background**

In September 1993, Davis was convicted of delivery of a controlled substance, namely: cocaine, in an amount less than 28 grams, in Madison County (Cause No. 8778) and sentenced to a 99-year prison term. The Tenth Court of Appeals of Texas affirmed the judgment on direct appeal. *Davis v. State*, No. 10–93–227–CR (Tex. App.— Nov. 2, 1994, pet. ref'd). In February 1995, the Texas Court of Criminal Appeals refused Davis's petition for discretionary review. *Davis v. State*, No. PD-1405-94 (Tex. Crim. App.).

In January 1997, Davis filed his first application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge his conviction for delivery of a controlled substance. *Ex parte Davis*, Application No. WR-33,426-01. Subsequently, Davis filed nine additional state writ applications in connection with this conviction, all of which were dismissed as subsequent, non-compliant, or an abuse of the writ by the Court of Criminal Appeals. *See Ex parte Davis*, Application Nos. WR-33,426-02, WR-33,426-03, WR-33,426-04, WR-33,426-05, WR-33,426-10, WR-33,426-11, WR-33,426-13, WR-33,426-23, WR-33,426-24. Court records further reflect that Davis previously filed a federal habeas petition under 28 U.S.C. § 2254, challenging the same 1993 conviction for delivery of a controlled substance; on June 3, 2000, the petition was dismissed with prejudice as barred by the statute of limitations. *Davis v. Thaler*, Civil No. 4:99-CV-1453 (S.D. Tex.).

In the instant federal habeas corpus petition, Davis contends that he is entitled to relief because: (1) he received ineffective assistance when trial counsel failed to interview

2

and call Donald Wayne Griffin as a witness; and (2) he is actually innocent, as established by newly discovered evidence. Dkt. 7 at 6, 18-20.

## II.   Discussion

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which prohibits "second or successive" habeas corpus applications that do not rely on a "new rule of constitutional law" made retroactive by the Supreme Court or a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2). If a prisoner wishes to pursue a second or successive habeas application, he must first obtain authorization from the appropriate court of appeals before a district court can consider that application. *See* 28 U.S.C. § 2244(b)(3)(A). This Court has no jurisdiction to consider a successive petition absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application qualifies as second or successive when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.* Here, Davis's instant petition attacks the same conviction that he challenged in his first-in-time § 2254 petition and meets the second-or-successive criteria. To the extent Davis argues that his petition is not successive because the factual basis of his claims is based on newly discovered evidence—a 2002 affidavit from his uncalled witness, Donald

3

Wayne Griffin—his argument is unpersuasive. *See Rivers v. Lumpkin*, 99 F.4th 216, 220 (5th Cir. 2024) (noting that second-in-time habeas petitions based on newly discovered evidence are still considered successive under AEDPA and require the petitioner to seek authorization).

Because the pending petition is successive, Davis is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *Cain*, 137 F.3d at 235). Davis did not seek or obtain authorization to file the instant successive petition, and it must be dismissed for want of jurisdiction.

### III. Certificate of Appealability

Habeas corpus actions under 28 U.S.C. § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because Davis does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.    Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Dkt. 16) is **GRANTED**.

2. Davis's amended petition for a writ of habeas corpus (Dkt. 7) is **DISMISSED WITHOUT PREJUDICE** as an unauthorized successive petition.

5

3. Davis's motion for release on bond (Dkt. 19) is **DENIED**.

4. Any remaining pending motions are **DENIED AS MOOT**.

5. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____ JUL 0 3 2025 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE